**In re Eric G. VAN HORN, II, Debtor.**

**Theresa Ballard–McIntosh, Plaintiff,**

**v.**

**Eric G. Van Horn, II, Defendant.**

**Bankruptcy No. 03–37100.**
**Adversary No. 04–3001.**

United States Bankruptcy Court,
W.D. Kentucky.

April 6, 2005.

Julie Ann O'Bryan, Louisville, KY, for Debtor.

## MEMORANDUM OPINION

DAVID G. STOSBERG, Bankruptcy Judge.

This matter came before the Court for trial on March 29, 2005. The Plaintiff appeared *pro se* and the defendant appeared in person and by counsel. The Court considered the testimony and exhibits presented at trial on the on the Complaint to Determine Dischargeability of Indebtedness filed by Plaintiff Theresa Ballard–McIntosh against Defendant Eric G. Van Horn, II. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

### FINDINGS OF FACT

1. The parties entered into a personal relationship that began over the internet in late 2000, and began living together in August, 2001.

2. The parties shared an e-mail account and accompanying sub-e-mail accounts. The master account was in the defendant's name.

3. The plaintiff used one of the sub-e-mail accounts in her start-up medical billing business.

4. In September, 2001, the parties relationship began to deteriorate to the point that the plaintiff took out a Domestic Violence Petition / Motion against the defendant. (Defendant's Exh. 3). The Franklin Circuit Court dismissed this petition after conducting a hearing.

5. When the relationship ended, the defendant moved out of the residence he shared with the plaintiff.

6. In early October, 2001, the defendant changed the e-mail password on his internet e-mail account.

7. When the defendant would not restore the password to the plaintiff, she initiated suit against him in Franklin Circuit Court. On April 29, 2003, Franklin Circuit Court entered a judgment against the defendant in the amount of $6,000 as a result of the defendant's interference with the password for the e-mail account. The state court also awarded other damages not related to this adversary proceeding.

8. The state court judgment makes no findings or conclusions with regard to the defendant's intent with respect to his action concerning the e-mail account.

9. Defendant initiated this Chapter 7 bankruptcy case on October 13, 2003.

10. On January 5, 2004, Plaintiff initiated this adversary proceeding against the defendant attempting to hold the debt in question nondischargeable under the provisions of 11 U.S.C. § 523(a)(6).

11. Barbara Thacker testified for the plaintiff. Ms. Thacker, who described herself as an "ex-girlfriend" of the defendant, stated that the defendant told her that he had "fixed" the plaintiff, and that he had cut off the plaintiff's access to her business.

12. Defendant testified he changed the e-mail password to protect himself from the plaintiff. He feared she may try to retaliate against him through his e-mail account. He testified that so long as the plaintiff had the e-mail password, she could charge items to him, "spam" him, or take other inappropriate actions.

13. Defendant eventually restored the e-mail password to account.

### CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court.

 Under the Bankruptcy Code, debts arising from the willful and malicious injury by the debtor to another or another's property may be excepted from discharge in bankruptcy. 11 U.S.C. § 523(a)(6). The creditor bears the burden of proving by a preponderance of the evidence that the debt is nondischargeable under this section. *Grogan v. Garner*, 498

U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Kennedy,* 249 F.3d 576 (6th Cir.2001).

■ The proof establishes that the parties' personal relationship devolved into a domestic dispute and ended with civil litigation in Franklin Circuit Court. Both parties took actions to "protect" themselves during the final stages of the relationship. Plaintiff asserts that the changing of the e-mail password by the defendant was a willful and malicious act done with the intent to injure the plaintiff or her property.

Although the Court understands the theory advanced by the plaintiff, the proof offered in support of the theory failed. The proof established that the defendant did indeed change the password, however, the proof did not show the defendant acted maliciously. Defendant testified that he changed the password to protect himself and his relationship with his internet service provider. Considering the fact the plaintiff already had filed a Domestic Violence Petition / Motion, he understandably feared she might take other retaliatory actions against him through this account. He genuinely believed that due to the plaintiff's volatile nature, she would engage in spam or other activities that would jeopardize his internet account.

The Court accords little weight to the testimony of Ms. Thacker in light of her status as an ex-girlfriend of the defendant. Furthermore, the statement attributed to the defendant that he had "fixed" the plaintiff still does not satisfy the maliciousness requirement. Simply put, the plaintiff failed to present sufficient evidence for this Court to find that the defendant acted with malice.

A judgment accompanying this Memorandum has been entered this same date.

## JUDGMENT

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the that the complaint filed by the plaintiff, Theresa Ballard–McIntosh, is **DISMISSED.**

This is a final and appealable order and there is no just reason for delay.